# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-10089-STA-jay |
| | ) | |
| **CHARLES RAY SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Before the Court is Defendant Charles Ray Smith's oral motion for Judgment of Acquittal. The United States has responded in opposition with a written response filed on October 28, 2020 (ECF No. 124). For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

On September 19, 2016, a grand jury returned an eight-count indictment against Mr. Smith. A subsequently filed amended indictment charged him with one count of conspiracy to commit bank fraud, five counts of bank fraud, and two counts of bank fraud. *See* Amended Indictment (ECF No. 108). On September 25, 2020, a jury found Mr. Smith guilty of all charges. After the close of the government's evidence, Mr. Smith, through his counsel, Mr. Leffler, moved for a judgment of acquittal on Count 8 of the indictment – bank fraud. Mr. Leffler argued that there was no indication that Mr. Smith knew that Central Bank was defrauded by the letter of credit that Christopher Jerrolds wrote as a guarantee to the Bank. The Court denied Mr. Leffler's motion, stating that there was sufficient evidence from which a reasonable

1

jury could conclude that Mr. Smith was guilty of that count under Rule 29.  Mr. Leffler then renewed his Rule 29 motion "in an omnibus fashion," for the rest of the counts in the indictment, relying on the proof, "or lack thereof," that the Court had heard thus far.

In its response in opposition, the government argues that a reasonable jury could find Mr. Smith guilty of all charges based on Jerrolds' detailed testimony corroborated by Karen Jaggars' testimony, the number of phone calls between Smith and Jerrolds, evidence of the scheme between them to defraud Wayne County Bank and First Metro Bank, and the activity in the Central Bank account owned by Mr. Smith, despite an actual lack of funds in the account, resulting in a $3.9 million loss to Central Bank.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29(c) permits a district court to enter a judgment of acquittal after a jury has returned a guilty verdict.  Fed. R. Crim. P. 29(c). "The test for denial of a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is the same as the test for reviewing a claim that the evidence is insufficient to support a conviction." *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989).  In reviewing claims for sufficiency of the evidence to support a conviction, the Court should review the record in the light most favorable to the prosecution and grant relief only if it is found that upon the evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also United States v. Acosta-Cazares*, 878 F.2d 945, 954–52 (6th Cir. 1989).

In deciding a motion for judgment of acquittal, the Court may not make its own determinations with respect to the credibility of witnesses or the weight to be given such

evidence. *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990). The government must receive the benefit of all inferences which can reasonably be drawn from the evidence. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Under the Rule 29 standard, "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Prieur*, 429 F.2d 1237, 1238 (6th Cir. 1970). The Sixth Circuit has stated that a defendant claiming, "insufficiency of the evidence bears a very heavy burden." *Abner*, 35 F.3d at 253; *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986).

## ANALYSIS

Mr. Smith's oral "omnibus motion" based on a general insufficiency of evidence is insufficient to show why the Court should enter a judgment of acquittal. The following addresses Mr. Smith's Rule 29 motion as relates to Count One, conspiracy to commit bank fraud and Counts Two – Six and Nine, bank fraud. The Court heard argument on Mr. Smith's Rule 29 motion with regard to Count Eight and denied the motion in open court.

As the Court instructed the jury, the elements of conspiracy to commit bank fraud are 1) that two or more persons conspired, or agreed, to commit the crime of bank fraud, 2) that the defendant knowingly and voluntarily joined the conspiracy, and 3) that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy. *See* Jury Instructions at 9 (ECF No. 119).

> To prove that a conspiracy existed, the government need not show a formal written agreement. *United States v. Crossley,* 224 F.3d 847, 856 (6th Cir.2000). A showing of "tacit or mutual understanding among the parties" is

>sufficient. *Id.* (internal quotation marks omitted). "Likewise, direct evidence of the conspiracy is not necessary. It is enough to present circumstantial evidence which a reasonable person could interpret as showing participation in a common plan." *United States v. Hunt,* 521 F.3d 636, 647 (6th Cir.2008) (alterations and internal quotation marks omitted). "Once a conspiracy has been established, the prosecution need only produce slight evidence to implicate the defendant." *United States v. Sturman,* 951 F.2d 1466, 1474 (6th Cir.1991).

*United States v. Fisher*, 648 F.3d 442, 450–51 (6th Cir. 2011) (denying defendant's Rule 29 motion for acquittal on the count of conspiracy).

The federal bank fraud statute requires 1) that the defendant knowing executed or attempted to execute a scheme to obtain any of the money, funds, or property owned by and in the custody and control of a bank by means of false or fraudulent pretenses, representations, or promises; 2) that the scheme included a material misrepresentation or concealment of a material fact; 3) that the defendant had the intent to deceive or cheat someone for the purpose of wither causing a financial loss to another or bringing about a financial gain to himself or another institution; and 4) that the bank or financial institution was federally insured.  *See* Jury Instructions at 12.  *See also United States v. Warshak*, 631 F.3d 266, 312 (6th Cir. 2010).

Here, the jury heard evidence that Mr. Smith, together with Mr. Jerrold, worked together to propagate Mr. Smith's check kiting scheme and disguise the same from Central Bank's Board of Directors.  Karen Jaggers testified that Mr. Smith brought her an assortment of checkbooks from accounts for various of Mr. Smith's businesses, some of which no longer existed.  These accounts were almost depleted, yet Mr. Smith instructed Ms. Jaggers to write checks from them and to deposit the checks into a Central Bank account, the "TMC" account, as it became overdrawn, a scheme known as "check kiting." Mr. Jerrolds testified that he approved the deposit of these checks, circumventing necessary Board approval, and advised Mr. Smith on the amounts

needed to cover the deficits in his account.  The jury was presented evidence from Mr. Smith's phone records that showed that Mr. Smith and Mr. Jerrolds spoke exceedingly often on the phone – over two thousand times throughout the course of the conspiracy.  Mr. Jerrolds testified that those conversations almost exclusively revolved around disguising their check kiting scheme.  Mr. Jerrolds additionally testified that he further assisted Mr. Smith in continuing his scheme by convincing the Board to convert his $3.9 million deficit with Central Bank into a loan, which Mr. Jerrolds did not record with the Bank.  To cover that debt, Mr. Jerrolds wrote letters of credit to First Metro Bank and Wayne County Bank to serve as collateral for Mr. Smith to obtain loans from those banks.  The jury heard testimony from Mr. Jerrolds, Mr. Smith, and the representatives of the banks, which together weaved the narrative that Mr. Smith hand-delivered at least one letter of credit to First Metro Bank, that Mr. Smith failed to disclose material information to First Metro Bank and Wayne County Bank, including the incriminating fact that Central Bank failed to authorize the letters of credit.  In exchange for his assistance with the letters of credit, Mr. Smith, on two separate occasions, handed Mr. Jerrolds bags full of cash.  The jury was presented with evidence from an FDIC investigation suggesting that the timing of the deposit of the loans from Wayne County Bank and First Metro Bank coincided with strategic filling of deficits created by the kiting scheme and Mr. Smith's expenditures.

Viewing the evidence in the light most favorable to the prosecution, the government's proof easily satisfied the elements of the charge under conspiracy and conspiracy to commit bank fraud.  Mr. Smith has not carried his "very heavy burden" to show that the evidence was insufficient to support the verdict.  *Abner*, 35 F.3d at 253.  Therefore, Mr. Smith's Rule 29 Motion is **DENIED**.

## CONCLUSION

Having concluded that Mr. Smith has not carried his burden to show why he is entitled to a judgment of acquittal; his Motion is **DENIED**.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date: November 9, 2020.